UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In Re* Application of<br><br>THE ATTORNEY GENERAL OF<br>THE BRITISH VIRGIN ISLANDS<br><br>*Applicant*<br><br>for Judicial Assistance to Obtain Evidence<br>for Use in a Foreign Proceeding Pursuant<br>to 28 U.S.C. § 1782 | Misc. Case No. 1:19-mc-00164-RCL |

**(PROPOSED) ORDER (1) GRANTING APPLICANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY, (2) DENYING MOTION OF LESTER HYMAN TO INTERVENE PURSUANT TO FED. R. CIV. P. 24, (3) GRANTING MR. HYMAN AN APPEARANCE, AND (4) GRANTING APPLICANT'S APPLICATION FOR JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Upon (A) the Applicant's Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782, the Declaration of Martin Kenney, and the exhibit thereto; (B) the Motion of Lester Hyman to Intervene Pursuant to Fed. R. Civ. P. 24 and the exhibit thereto, Opposition of Lester Hyman to Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782; (C) the Applicant's Memorandum in Opposition to (1) Lester Hyman's Rule 24 Motion to Intervene, (2) Lester Hyman's Opposition to the Attorney General of the British Virgin Islands' Application for Judicial Assistance to Obtain Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782; (D) Reply of Lester Hyman to the Applicant's Opposition to the Motion to Intervene; and (E) Applicant's Motion for Leave to File a Sur-reply and the exhibit thereto, Sur-

1

reply to the Reply of Lester Hyman to the Applicant's Opposition to the Motion to Intervene, it is hereby:

1. **ORDERED** that the Applicant's Motion for Leave to File a Sur-reply is granted;

2. **ORDERED** that the Motion of Lester Hyman to Intervene Pursuant to Fed. R. Civ. P. 24 is denied;

3. **ORDERED** that Mr. Hyman is granted an appearance in this case;

4. **ORDERED** that the Applicant may serve subpoenas <u>duces tecum</u> on Mr. Hyman, compelling the production of:

    a. His entire client file for the British Virgin Islands ("BVI"), which shall also include any documents, correspondence, or any other material that should be in the client file but that Mr. Hyman may not as of yet have included in the client file;

    b. For the period from January 1, 1987, to the present, copies of all documents (whether in electronic or hard copy form) evidencing, describing, or otherwise mentioning any retainers, letters of engagement, letters of instructions, or any other document setting out the nature of the agreement(s) between Mr. Hyman and the BVI for the provision of legal advice or other services to the BVI;

    c. For the period from September 1, 2013, to the present, copies of all account statements, payment advice slips, checks, wire transfer confirmations, cash receipt slips, or any other financial or other document (whether in electronic or hard copy form) in respect of any Bank Account of Mr. Hyman, <u>infra</u>, including documents or communications of any kind showing information regarding any and all payments or deposits made by electronic funds transfer, banker's draft, check, or cash for the credit of any Bank Account of Mr. Hyman (a

"Bank Account of Mr. Hyman" is any account held at any bank, savings and loan association, credit union, securities broker-dealer, or other financial institution that is held in the name of Mr. Hyman or any legal entity, in which Mr. Hyman holds or has held, directly or indirectly, legally or beneficially, a fifty percent or greater interest);

d. For the period from August 1, 2013, to the present, copies of all documents and information (whether in electronic or hard copy form) in Mr. Hyman's possession, custody, or control arising from or in connection with Mr. Hyman's provision of legal or other services to the BVI including, but not limited to, documents and information relating to the failed airline venture;

e. For the period from January 1, 1987, to December 31, 2017, copies of all annual reports (or similar) issued by Mr. Hyman to the BVI that set out a summary of the services rendered by Mr. Hyman in exchange for his $100,000 annual retainer;

f. For the period from August 1, 2013, to the present, copies of all communications (whether in electronic form or hard copy) in Mr. Hyman's possession, custody, or control between Mr. Hyman and any of the Operator Parties;[1] and

g. For the years 2014, 2015, 2016, 2017, and 2018, copies of all U.S. federal income tax returns (including all schedules to such tax returns) filed by Mr. Hyman as well

---

[1] The "Operator Parties" include: (1) BV Airways Inc.; (2) Castleton Holdings LLC; (3) Colchester Aviation LLC; (4) Colchester Aviation Ltd.; (5) Raptor Aviation Ltd.; (6) any shareholders (whether indirect or direct, corporate or individual, legal or beneficial), directors, officers, or any other related party or affiliate of, or acting on behalf of or in conjunction with, any of the enumerated five legal entities; (7) Bruce Bradley; (8) Jamaal Brown; (9) Adam Frieman; (10) Scott Weisman; (11) Jerry Willoughby; and/or (12) any party acting on behalf of or in conjunction with any of the five enumerated individuals.

      as a statement setting out a detailed breakdown of the sources, nature, and amounts of income realized by Mr. Hyman in those years;

4. **ORDERED** that the Applicant may serve subpoenas <u>duces tecum</u> on any information technology person or entity residing or found in the District of Columbia that has provided, at any time since January 1, 2014, any information technology service, to include also anyone or any entity that has maintained and/or provided backup services of any computer, server, information technology device, and/or email correspondence, to Mr. Hyman and/or any legal entity, in which Mr. Hyman holds or has held, directly or indirectly, legally or beneficially, a fifty percent or greater interest, compelling the production of:

    a. Any document, spreadsheet, presentation, email correspondence (whether draft or actually sent or received), or any other electronic file that is part of, or should be part of, Mr. Hyman's client file for the BVI; and

    b. For the period from January 1, 2014, to the present, copies of all documents, spreadsheets, presentations, and other electronic files that were saved at any time during the period and that relate in any way to the BVI, Mr. Hyman's representation thereof, and/or any of the Operator Parties and all email correspondence during the period to or from, or saved as a draft by, Mr. Hyman and/or any person affiliated in any way with any legal entity, in which Mr. Hyman holds or has held, directly or indirectly, legally or beneficially, a fifty percent or greater interest, that relate in any way to the BVI, Mr. Hyman's representation thereof, and/or any of the Operator Parties;

5. **ORDERED** that the Applicant may serve subpoenas <u>duces tecum</u> on any bank, savings and loan association, credit union, securities broker-dealer, or other financial institution

residing or found in the District of Columbia that holds or has held a Bank Account of Mr. Hyman at any time since September 1, 2013, compelling the production of:

a. For the period from September 1, 2013, to the present, copies of all wire transfer records, debit advices, credit advices, remittance advices, statements of account, correspondence, emails, checks, demand drafts, or any other documents processed or held with respect to any Bank Account of Mr. Hyman;

6. **ORDERED** that the Applicant may serve subpoenas <u>duces tecum</u> on any income tax preparer, advisor, or accountant residing or found in the District of Columbia who prepared, advised, or assisted with Mr. Hyman's U.S. federal income tax returns and/or related materials for the years 2014, 2015 2016, 2017, and/or 2018, compelling the production of:

a. Copies of all correspondence, emails, documents, tax returns, schedules to the same, and any other records in electronic or hard copy form that show the quantum, sources, and nature of Mr. Hyman's income from January 1, 2014, to December 31, 2018; and

7. **ORDERED** that the Applicant may serve subpoenas <u>ad testificandum</u> on Mr. Hyman, compelling him to testify by way of sworn deposition regarding all matters relating to:

a. Any aspect, fact, or other thing arising out of or in any way connected with his representation of the BVI as its attorney and

b. Any aspect, fact, or other thing connected in any way, also including any aspect, fact, or other thing regarding the BVI's and/or Mr. Hyman's communications and relationships, with any of the Operator Parties.

SO ORDERED,

_____
**THE HON. ROYCE C. LAMBERTH**
Senior United States District Judge


Date: